UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID DEBOARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00435-HAB-SLC |
| SOLID ROCK PROPERTIES, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Solid Rock Properties, LLC's ("Defendant SRP") motion to strike, filed on March 2, 2023 (ECF 29), asking that the Court strike Plaintiff's response to the motion for judgment on the pleadings (ECF 24) for failure to comply with numerous pleading rules and requirements. On March 9, 2023, Plaintiff timely filed a response to the motion to strike (ECF 32), to which Defendant SRP timely replied on March 14, 2023 (ECF 33). Additionally, on March 9, 2023, Plaintiff filed a motion (ECF 31), seeking leave of Court to file a response brief to the motion for judgment on the pleadings in excess of 25 pages. For the following reasons, Defendant SRP's motion to strike (ECF 29) will be GRANTED and Plaintiff's response to the motion for judgment on the pleadings (ECF 24) will be STRICKEN. Additionally, Plaintiff's motion for leave to file a brief in excess of 25 pages (ECF 31) will be GRANTED only as to Plaintiff's alternative requested relief to refile a response brief that complies with the 25-page requirement.

### A. Factual and Procedural Background

On January 26, 2023, Defendant SRP filed a motion for judgment on the pleadings. (ECF 16). On February 16, 2023, Plaintiff filed a response to the motion (ECF 24). Defendant SRP subsequently filed a motion to strike pursuant to Rule 12(f) (ECF 29), seeking to strike Plaintiff's response in opposition to the motion for judgment on the pleadings (ECF 24). In support of its motion, Defendant SRP states that Plaintiff's response (1) was untimely filed, (2) exceeded the allowable page limit, and (3) introduced impermissible evidence by way of exhibit. (ECF 29 at 2). As to the last point, Defendant further states that, should the Court consider the exhibit in Plaintiff's response in ruling on the motion for judgment on the pleadings, it would have to convert the motion to a motion for summary judgment. (*Id.* ¶¶ 8-13). This, Defendant argues, prevents it from submitting evidence to support its position in its reply under Rules 12(c) and 56, thus resulting in prejudice. (*Id.* ¶ 12).

Plaintiff filed a response to the motion to strike on March 9, 2023. (ECF 32). Plaintiff contends that his response to Defendant SRP's motion for judgment on the pleadings under Rule 12(c) and motion to dismiss under Rule 12(b)(1) was timely filed under Local Rule 7-1(d)(2), which provides a deadline of 21 days to respond to a motion under Fed. R. Civ. P. 12. (*Id.* at 1). Plaintiff further states that he inadvertently referred to the page limit provided under the local rules of the Southern District of Indiana, and that he is willing to amend his response to file a brief within the 25-page limit under this Court's local rule. (*Id.* at 1-2). Lastly, Plaintiff withdraws the exhibit attached to his response, which he now states is unnecessary given Defendant SRP's admissions and the case law supporting his claims. (*Id.* at 2).

On March 14, 2023, Defendant SRP filed a reply to Plaintiff's response (ECF 33), insisting that Plaintiff's response to the motion for judgment on the pleadings was untimely as

Local Rule 7-1(d)(2)—which allows 21 days to respond to a motion—only applies to Rule 12(b), (e), and (f) motions, not Rule 12(c) motions. Instead, Defendant SRP argues, Local Rule 7-1(d)(3) applies, and Plaintiff only had 14 days to respond to the motion for judgment on the pleadings. (*Id.* ¶¶ 2-3).

On March 9, 2023, Plaintiff filed a motion asking for leave to file a response brief in excess of 25 pages, or in the alternative, leave to amend his response. (ECF 31). Defendant SRP has not responded, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3).

### B.  Legal Standard

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Techs. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). However, "a motion that seeks to remove unnecessary clutter serves not to delay, but rather to expedite." *Abayneh v. Zuelch*, No. 2:10-CV-415 RLM-RCB, 2011 WL 572407, at *1 (N.D. Ind. 2011) (citing *Heller Fin., Inc*, 883 F.2d at 1294).

Motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011) (citing *Heller Fin., Inc.*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). The decision whether to strike material under Rule 12(f) is

within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

### C. Page Limit

The Court begins with Defendant SRP's argument that the brief exceeds the permissible page limit and, in conjunction, Plaintiff's motion for leave to file a brief in excess of 25 pages. The Court may grant a party leave to file a brief in excess of 25 pages if the moving party shows "extraordinary and compelling reasons" for the additional pages. N.D. Ind. L.R. 7-1(e)(2). Here, Plaintiff's response brief was 34 pages long (excluding the table of contents). In an effort to show extraordinary and compelling reasons, Plaintiff claims that he needed the additional nine pages "to sufficiently address the issues in Defendant's Motion for Judgment, and permit the Court to thoroughly consider the issues presented and relevant legal authority . . . ." (ECF 31 at 1). He further states that Defendants are not prejudiced by the additional pages. (*Id.* at 2). However, Plaintiff admits that his counsel inadvertently read the local rules of the Southern District of Indiana, which permit parties to file response briefs of 35 pages. (*Id.* at 1). Thus, Plaintiff seeks leave to amend his response to comply with the 25-page limit, in the alternative. (*Id*. at 2).

The Court finds that Plaintiff's reasons for requesting additional pages are not extraordinary and compelling. Although Defendant SRP did not file a separate brief in opposition to Plaintiff's motion, it opposes Plaintiff's filing of a brief in excess of 25 pages in its motion to strike. (ECF 29 ¶ 5). The portion of the brief at issue is prejudicial, *see U.S. Liab. Ins. Co.*, 2011 WL 221662, at *1, because Defendant SRP would be limited in its ability to address

4

materials from the response in its reply. Lastly, striking the response would serve to expedite the matter by "remov[ing] unnecessary clutter." *See Abayneh*, 2011 WL 572407, at *1.

However, Plaintiff, in the alternative, requests leave to amend its response to comply with this Court's local rule. Accordingly, Plaintiff's motion for leave to file a brief exceeding the 25-page limit (ECF 34) is GRANTED ONLY as to its alternative request for leave to amend his brief to comply with the 25-page requirement. Additionally, Defendant's motion to strike (ECF 29) is GRANTED, in that Plaintiff's response brief (ECF 24) will be STRICKEN for being filed in excess of 25 pages.

### D.  Brief Deadline

Turning to Defendant SRP's motion to strike and its argument that Plaintiff has filed an untimely response to the Rule 12(c) motion for judgment on the pleadings, the argument is misplaced. This Court's Local Rule 7-1(d)(2) states that "[a] party must file any response brief to a motion under Fed. R. Civ. P. 12 within 21 days after the motion is served unless that party is entitled to and first files an amended pleading as a matter of course under Fed. R. Civ. P. 15(a)(1)." Plaintiff's response constituted "a response brief to a motion under Fed. R. Civ. P. 12" under N.D. Ind. L.R. 7-1(d)(2). Thus, this is not a proper basis to strike Plaintiff's response.

### E.  DeBoard Declaration

Lastly, Defendant SRP seeks to strike Plaintiff's response because he attached a Declaration by Plaintiff as an exhibit, which could serve as a basis for the Court to convert the motion for judgment on the pleadings to a motion for summary judgment. (ECF 29 ¶ 7 (citing ECF 24-1)). Plaintiff withdrew the exhibit in its response to the motion to strike (ECF 32 at 2), thus, this point is moot.

*F.  Conclusion*

For these reasons, Defendant SRP's motion to strike (ECF 29) is GRANTED and Plaintiff's response to the motion for judgment on the pleadings (ECF 24) is hereby STRICKEN. Additionally, Plaintiff's motion for leave to file a brief in excess of 25 pages (ECF 31) is GRANTED as to Plaintiff's alternative request to amend his response brief to 25 pages or less and DENIED as to his request to exceed the 25-page limit. Plaintiff may file a revised response brief which complies with the 25-page limit of Local Rule 7-1(e) and without attaching the exhibit in ECF 24-1. Because the deadline for Plaintiff's response brief has now passed, and the Court recognizes that Plaintiff will require additional time to refine his briefing to comply with the page limit, the Court *sua sponte* extends Plaintiff's response brief deadline to April 24, 2023. Defendant SRP's reply brief will be due by May 8, 2023.

SO ORDERED.

Entered this 12th day of April 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge