**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DAVID DeBOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CV-435-HAB |
| | ) | |
| SOLID ROCK PROPERTIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| SOLID ROCK PROPERTIES, LLC, | ) | |
| | ) | |
| Third-Party Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP A. TROYER, INC. and | ) | |
| FORESIGHT CONSULTING, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**OPINION AND ORDER**

This case was dismissed for lack of jurisdiction after the Court concluded that Plaintiff failed to allege Article III standing. (ECF No. 49). Plaintiff now moves to vacate that judgment (ECF No. 53) and to allow him to amend his complaint (ECF No. 54). Because the Court finds that the propriety of his amendment will likely be decided by the United States Supreme Court next term, his motion to vacate will be granted and this case stayed.

Plaintiff's claim was dismissed because the Court concluded that he failed "to allege a concrete and particularized injury in the wake of *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), [and] he lack[ed] Article III standing to sue." (ECF No. 49 at 1). Plaintiff asserts his proposed amended complaint would remedy that issue by alleging additional injuries, "including

frustration, physical difficulty, indignation and emotional distress," and out-of-pocket costs to visit Defendant's property. (ECF No. 54-1 at 7).

In *Laufer v. Acheson Hotels, LLC*, 50 F.4th 259 (1st Cir. 2022), the First Circuit held that Plaintiff's new allegations of injury, including "the loss of dignity in feeling less than equal, enduring humiliation, frustration, and embarrassment," conferred standing for a public accommodations tester. *Id*. at 275. But the Supreme Court has granted certiorari from that decision. *Acheson Hotels, LLC v. Laufer*, 143 S.Ct. 1053 (Mem) (2023). The outlines of tester standing, then, will likely be decided by the Supreme Court. Any decision by the Court now risks being undone during the Supreme Court's next term.

For these reasons, Plaintiff's motion to vacate judgment is GRANTED. The Clerk's Entry of Judgment (ECF No. 50) is VACATED. This case is STAYED pending the United States Supreme Court's decision in *Laufer*. Plaintiff's Motion to Amend (ECF No. 54) is DENIED without prejudice to refiling, if appropriate, after the Supreme Court decides *Laufer*. The Court will set a deadline for the parties to submit their respective positions on this case within 15 days after the Supreme Court rules. Defendant Solid Rock Properties, LLC's motion for an enlargement of time to respond to the motion to alter or amend judgment (ECF No. 55) is DENIED AS MOOT.

SO ORDERED on July 25, 2023.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT