### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID DeBOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CV-435-HAB |
| | ) | |
| SOLID ROCK PROPERTIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

In June 2023, this Court dismissed Plaintiff's case, finding that he lacked Article III standing. (ECF No. 49). At Plaintiff's request, the Court vacated its judgment against Plaintiff and stayed all proceedings, hoping that the United States Supreme Court would provide guidance. (ECF No. 56). It did not. Now, after reviewing the parties post-SCOTUS briefs (ECF Nos. 60-62), the Court must again decide whether Plaintiff can establish his Constitutionally mandated standing. The Court finds that he can't, so judgment will again be entered in Defendants' favor.

**I.  Factual and Procedural Background**

**A.  *Plaintiff's Pleadings***

The Court incorporates by reference the discussion of Plaintiff's factual allegations from its June 2023 Opinion and Order. (ECF No. 49 at 1-2).

In the meantime, Plaintiff moved for leave to amend his complaint with a proposed amendment. (ECF No. 54). The amendment largely hoes the same factual row as the original complaint and states the same cause of action. (Compare ECF Nos. 1, 54-1). But to establish Article III standing, Plaintiff has added injuries. He now alleges that Defendants' conduct caused

"frustration, physical difficulty, indignation, and emotional distress," and that he incurred "out-of-pocket costs" to visit the allegedly offending apartments.

**B.     Acheson Hotels, LLC v. Laufer**

The guidance the Court hoped for was to have come from the Supreme Court's decision in *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023). There, the Supreme Court had granted certiorari from a decision by the First Circuit finding that the plaintiff-tester had Article III standing to bring a claim under the Americans with Disabilities Act ("ADA"). That plaintiff, Laufer, systematically searched the internet for hotels that failed to provide accessibility information and sued each such hotel, hoping to settle for attorney's fees.

Unfortunately, following the granting of certiorari the case took a strange turn. Laufer's counsel was suspended for defrauding the hotels by lying on fee petitions, among other financial irregularities related to his representation of Laufer. Rather than retain new counsel, Laufer dismissed her pending cases with prejudice, including the Supreme Court case.

Although the Supreme Court recognized that they could still decide the case, it found the matter moot and remanded with instructions to dismiss the case on that ground. *Id*. at 5. In addition, consistent with the practice announced in *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), the Supreme Court vacated the First Circuit's decision. *Laufer*, 601 U.S. at 5.[1]

---

[1] Defendant Solid Rock Properties, LLC, asks the Court to assume from the vacatur that the Supreme Court would have reversed the First Circuit and found no standing. (ECF No. 62 at 3-6). Its argument is largely based on Justice Jackson's concurrence, which reasoned that *Munsingwear* vacatur should not occur as a matter of course whenever a prevailing party below dismisses his action. *Laufer*, 601 at 14-22 (Jackson, J. concurring). But the Court reads the holding as applying *Munsingwear* ministerially—"[o]ur *Munsingwear* practice is well settled"—and will read nothing else into that holding. *Id*. at 5.

## II.    Legal Analysis

### A.    *Plaintiff's Initial Complaint Fails to Allege Article III Standing*

*Laufer* was a dud for those, like the Court, that hoped the Supreme Court would address tester standing in a post-*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), world. But by refusing to rule, the Supreme Court left the legal landscape unchanged. The Court, then, finds no reason to change its analysis related to Plaintiff's original complaint, and adopts, incorporates, and reaffirms that analysis *in toto*. (*See* ECF No. 49 at 3-12).

### B.    *Plaintiff's Amended Injuries Cannot Establish Article III Standing*

The only remaining question is whether the "injuries" alleged in the proposed amended complaint are enough to allow the case to proceed. That is, are "frustration, physical difficulty, indignation, and emotional distress," along with "out-of-pocket costs," concrete injuries? The Court concludes they are not, at least not here.

The intangible, emotional injuries are easy. The Seventh Circuit has repeatedly held that stress, annoyance, intimidation, infuriation, disgust, indignation, embarrassment, and confusion are not concrete injuries that confer Article III standing. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668-69 (7th Cir. 2021) (collecting cases). This list has been re-adopted post-*TransUnion*. *See Patterson v. Howe*, --- F.4th ---, *6 (7th Cir. March 21, 2024). Plaintiff's new list of emotional hardships may confer standing in some Circuits, but not this one.

His allegation that he incurred out-of-pocket expenses is closer, but only just. Financial injury is a concrete injury. *In re Aqua Dots Prod. Liability Litigation*, 654 F.3d 748, 751 (7th Cir. 2011). But Plaintiff "cannot manufacture standing merely by inflicting harm on" himself based on his "fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 416 (2013). That's exactly what Plaintiff did. Plaintiff drove from apartment

3

complex to apartment complex, hoping to find statutory violations that would never affect him; remember, he never planned to live there. The "harms" that he hoped to find were barely hypothetical, and not certainly impending. The Court rejects the idea that Plaintiff can create standing "that pulls itself up by its own bootstraps" by expending money, hoping to find technical violations. *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1059 (7th Cir. 2018).

All this leaves the Court in the same place it was nine months ago. Plaintiff has not, and cannot, plead a concrete injury necessary to confer Article III standing on the Court. This case must be dismissed.

## III.    Conclusion

For these reasons, this case is DISMISSED. The Clerk is DIRECTED to enter judgment for Defendants and against Plaintiff.

SO ORDERED on March 29, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT